# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BRANDON JOHNSON                                                                                PETITIONER
ADC# 139905

VS.                              NO. 5:09-CV-00035-SWW-BD

LARRY NORRIS, Director,
Arkansas Department of Correction                                                    RESPONDENT

## RECOMMENDED DISPOSITION

I.  **Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II. Background

On July 24, 2006, Petitioner Brandon Johnson pled guilty in the Circuit Court of Washington County, Arkansas, to terrorist threatening and third degree domestic battery. *Johnson v. State*, No. CACR 08-9, 2008 WL 244167 at *1 (June 18, 2008). The court sentenced Petitioner to forty-eight months' probation. *Id*.

In March 2007, officers arrested Petitioner on new charges of terroristic threatening, fleeing, and resisting arrest. In May of 2007, Petitioner pled guilty to the charges for which he was arrested in March. *Id*.

On April 19, 2007, the Washington County Prosecutor petitioned to revoke Petitioner's probation based upon the March arrest and other alleged violations of his conditions of probation. On September 14, 2007, three days before Petitioner's scheduled revocation hearing, the Prosecutor filed an amended petition to revoke, adding battery and vandalism allegations arising from an alleged beating of a fellow prisoner in the local jail as well as an allegation Petitioner had failed a drug screen. *Id*.

At the revocation hearing on September 17, 2007, Petitioner complained to the court that he was displeased with his counsel and wanted different counsel. After the court denied his motion for new counsel, Petitioner asked for a continuance to allow him

time to confer with his counsel and prepare for the revocation hearing. The court denied his request for a continuance but allowed Petitioner some time to confer with his counsel. *Id*.

During the recess, the Prosecutor and Petitioner's counsel realized that in plea negotiations they had assumed in error that the underlying domestic-battery charge was a felony when it, in fact, was a misdemeanor. The Prosecutor then extended a new plea offer to Petitioner. *Id*. When court resumed, Petitioner's counsel requested a continuance of a day for his client to consider the offer. *Id*. at *2. The court denied the request because witnesses had been subpoenaed and the case had been set for a considerable period of time. The court agreed, however, to another recess and granted Petitioner permission to call his mother to discuss the plea offer. *Id*.

When court resumed, Petitioner expressed an intent to accept the plea offer but during the change-of-plea hearing, he again asked the court for two more days to discuss the new plea offer with his counsel. *Id*. The court denied the request and proceeded with the revocation hearing.

After hearing the testimony at the revocation hearing, including Petitioner's testimony in his own defense, the court revoked Petitioner's probated sentence. At a later sentencing hearing, the court sentenced Petitioner to twelve months of imprisonment in the Washington County Detention Center for the domestic battery conviction, and six

years in the Arkansas Department of Correction, with three suspended, for the terroristic threatening conviction. *Id*. at *3.

Petitioner appealed to the Arkansas Court of Appeals. *Johnson*, 2008 WL 244167 at *1. Petitioner's sole point on appeal was that the trial court abused its discretion in denying his request for a continuance on the day of the revocation hearing. *Id*. at *1. Citing Arkansas Rule of Criminal Procedure 27.3, the Court of Appeals found that, because Petitioner's counsel was prepared for the revocation hearing and witnesses were present to testify pursuant to subpoena, the trial court did not abuse its discretion in denying Petitioner's request for a continuance. *Id*.

Petitioner brings the following claims in this petition for writ of habeas corpus under 28 U.S.C. § 2254: (1) actual innocence because of insufficient evidence to establish any inexcusable violation of his term of probation; (2) the trial court abused its discretion by denying his request for a continuance after the nature and degree of the offense was changed; (3) denial of the right to effective assistance of trial counsel; and (4) prosecutorial misconduct for unconstitutionally failing to disclose evidence favorable to the defense.

Respondent argues that the first three claims are procedurally defaulted because Petitioner failed to exhaust the claims with the state courts. Respondent also argues that Petitioner's second claim was correctly decided by the Arkansas Court of Appeals. For

the reasons set forth below, the Court recommends that the District Court dismiss all of Petitioner's claims.

## III. Discussion

A.  *Failure to Grant Continuance Claim*

In his petition, Petitioner claims the trial court erred in denying his request for a continuance, "once the nature and degree as to offense was changed." This is the same claim Petitioner raised through a complete round of the state's appellate review process.

Federal habeas relief is available only on the ground that a person is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Petitioner does not allege that the trial court's denial of his request for a continuance was a violation of federal or constitutional law. See *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004) (requiring that prisoners "fairly present" the federal nature of their claims in each appropriate state court) (citations omitted).

On direct appeal of his conviction, Petitioner cited only the Arkansas Rules of Criminal Procedure, Arkansas statutory and case law to support his claim. Consequently, the state courts did not consider whether the trial court had violated any federal constitutional or statutory rights by denying a continuance. Instead, the Court analyzed Petitioner's claim solely on the basis of the applicable Arkansas Rule of Criminal Procedure, applying the State's abuse-of-discretion standard. *Johnson* 2008 WL 2441367 at *3.

5

In this petition, Petitioner does not cite to any provision of the United States Constitution or any federal law to support his claim. As part of his claim, Petitioner states the trial court violated Article 2, section 10 of the Arkansas Constitution by giving him only a brief time to decide whether to take the Prosecutor's new plea offer. (#2 at p. 7) This claim, however, does not allege a violation of the United States Constitution or federal law in order to be cognizable under 28 U.S.C. § 2254.[1]

As the United States Supreme Court stated, "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68-69, 112 S.Ct. 475, 480 (1991). Because state law governs the claim Petitioner raises in his petition, this Court is bound by the Arkansas Court of Appeals' ruling on that issue. *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992) (citing *Carlson v. State*, 945 F.2d 1026, 1029 (8th Cir. 1991)).

B.  *Procedural Default*

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to

---

[1] Petitioner did not argue a violation of the Arkansas Constitution at trial or on direct appeal. The claim, therefore, is procedurally defaulted unless he can establish cause for his default and prejudice.

the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); see 28 U.S.C. § 2254(b) and (c). "To be fairly presented 'a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue. Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement.'" *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) (quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999)). In other words, "a federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (citing *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006); *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005)).

Claims in a federal habeas petition not presented in the state court proceedings and for which there is no remaining state court remedy are defaulted, and a habeas petitioner's default will be excused only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991). If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

In his petition, Petitioner claims he is actually innocent because there was insufficient evidence presented at the revocation hearing to establish a violation of the conditions of his probation. (#2 at 5) As Respondent points out, Petitioner did not raise a sufficiency of the evidence claim with the trial court or in his direct appeal to the Arkansas Court of Appeals. Accordingly, Petitioner's sufficiency of the evidence claim fails unless he can establish cause for the default and actual prejudice.

Petitioner also claims ineffective assistance of his trial counsel. Petitioner, however, never brought a petition in the trial court under Arkansas Rule of Criminal Procedure 37 raising this claims. Consequently, this claim is also procedurally defaulted unless Petitioner can establish cause for the default and actual prejudice.

Finally, Petitioner claims prosecutorial misconduct because of, "the failure of the prosecutor to disclose favorable evidence." (#2 at p. 10) Again, this claim was never raised in the state courts and is procedurally defaulted unless Petitioner can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565.

C.  *Cause and Prejudice*

Cause for a procedural default is established when "some objective factor external to the defense impede[s] . . . efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986). As cause for his default, Petitioner

claims he "had no knowledge of a (post-conviction) remedy." (#2 at p. 4) Ignorance of the law does not, however, constitute cause for default. See *Williams v. Lockhart*, 873 F.2d 1129, 1130 (8th Cir. 1989), cert. denied, 493 U.S. 942 (1989).

Petitioner also claims that his trial counsel failed to inform him of a post-conviction remedy. In proceedings in which the Sixth Amendment requires legal representation, ineffective assistance of counsel can be cause for a procedural default. *Murray*, 477 U.S. at 488. A defendant is not, however, constitutionally entitled to effective assistance of counsel in state post-conviction proceedings. See *Coleman*, 501 U.S. at 752. Consequently, post-conviction advice Petitioner received from his attorney or actions taken or not taken by his attorney cannot constitute cause for a procedural default. See *Armstrong v. Iowa*, 418 F.3d 924, 927 (8th Cir. 2005) (citing *Nolan v. Armantrout*, 973 F.2d 615, 617 (8th Cir. 1992)).

Further, a claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. *Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009) (quoting *Taylor v. Bowersox*, 329 F.3d 963, 971 (8th Cir. 2003)). In this case, Petitioner did not file a Rule 37 petition with the trial court alleging ineffective assistance of counsel. Accordingly, ineffective assistance of counsel cannot be cause for Petitioner's procedural default.

Because Petitioner has not established cause for his default, the Court will not address prejudice.

D. *Miscarriage of Justice*

Petitioner also may overcome procedural default by showing that failure to hear his petition would result in a miscarriage of justice. To establish a miscarriage of justice, a petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent. *Cagel v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851 (1995)). This exception is concerned only with claims of actual innocence, not legal innocence. *Id*. A claim of actual innocence requires that petitioner "support his allegation of constitutional error with new reliable evidence. . . ." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995)). Actual innocence may be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence. *Id*.

Petitioner claims "actual innocence," but this claim is based on insufficiency of the evidence supporting his conviction. Petitioner's argument relates to legal innocence, not actual innocence. Further, Petitioner has not come forward with any new evidence of actual innocence. Thus, his petition should be denied.

**IV. Conclusion**

Petitioner defaulted his constitutional claims by failing to raise them in the state court post-conviction and appellate processes. See *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004) (requiring that prisoners "fairly present" the federal nature of

their claims in each appropriate state court) (citations omitted). Accordingly, the Court recommends that the District Court dismiss Brandon Johnson's petition for writ of habeas corpus, with prejudice.

DATED this 13th day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE